UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-20629-CIV-MORENO

RODGER SEXTON,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

## **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AS TO COUNTS II, IV, AND V**

Plaintiff is suing Carnival Corporation for injuries resulting from a stroke he suffered onboard a cruise ship. Defendant is moving to dismiss three counts in the five-count complaint. The Court grants the motion to dismiss the vicarious liability claim, because it is not properly pled and conflated with Plaintiff's direct negligence claim. The Court also grants the motion to dismiss Plaintiff's claim that Carnival breached a non-delegable duty, as maritime law does not recognize the creation of such a duty. The Court, however, denies the motion to dismiss the Plaintiff's claim based on Carnival's assumption of duty.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 7)**, filed on **March 26, 2018**.

THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part and DENIED in part. Plaintiff may file an amended complaint consistent with this order by July 24, 2018.

## I. Background

Plaintiff filed a five-count complaint against Defendant Carnival Corporation. While he was a passenger on the Carnival Vista, Plaintiff suffered a stroke. He claims the ship's physician misdiagnosed his condition as a bacterial infection. Plaintiff alleges he suffered loss of memory and vision, and is permanently impaired. The five counts are negligence, vicarious liability, apparent agency, assumption of duty, and a non-delegable duty to provide reasonable medical care. Defendant is moving to dismiss Counts II for vicarious liability, IV for assumption of duty, and V for the non-delegable duty to provide reasonable medical care.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Legal Analysis

Maritime law controls actions stemming from alleged torts on cruise ships. *Keefe v. Bahamas Cruise Line*, 867 F.2d 1318, 1320 (11th Cir. 1989). Generally, a "shipowner is only liable to its passengers for medical negligence if its conduct breaches the carrier's more general duty to exercise 'reasonable case under the circumstances.'" *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1233 (11th Cir. 2014) (quoting *Kermarec v. Companie Generale Transatlantique*, 358 U.S. 625, 632 (1959)).

*Count 2: Vicarious Liability*

Count 2 of Plaintiff's complaint is for vicarious liability. As opposed to a claim of direct negligence, Plaintiff, here, is attempting to recover in the event Carnival's medical staff was negligent in treating Plaintiff. The allegations in this count are that Defendant breached its duty to exercise reasonable care by failing to ensure Plaintiff obtained medical treatment within a reasonable amount of time. Plaintiff also alleges that Defendant failed to timely and properly diagnose Plaintiff's medical condition, failed to attend to Plaintiff after his stroke, failed to escort Plaintiff to obtain reasonable medical care, failed to provide reasonable medical care, failed to reasonably diagnose Plaintiff, and failed to properly examine the Plaintiff's injuries. There is one statement that Defendant "through its employees and agents, . . . the ship's medical staff, knew or should have known that the medical procedures they employed violated and/or did not meet reasonable standards of care."

The allegations in this count conflate two different theories of liability: direct negligence and vicarious liability. Commingling direct and vicarious liability is an improper pleading practice. *Wohlford v. Carnival Corp.*, No. 17-20703-CIV, 2017 WL 7731225, *3 (S.D. Fla. May 11, 2017) ("[p]leading a direct negligence claim together with a vicarious liability claim. . .is

3

improper, confusing, and violates Rule 10(b)."). There is no question, when reading the negligence and vicarious liability counts, side-by-side, that the vicarious liability count is exceedingly similar and includes elements of the direct negligence claim in Count 1. Therefore, the Court grants the motion to dismiss Count 2 for vicarious liability, without prejudice and grants Plaintiff leave to amend this count to allege why Carnival is vicariously liable for the negligence of its medical staff.

*Count 4: Assumption of Duty*

In Count 4, Plaintiff claims Carnival assumed a duty to provide medical care, and therefore, had the obligation to use reasonable care in the provision of medical services. Federal courts have recognized that the "assumption of duty" doctrine, as set forth in § 323 of the Second Restatement of Torts, "is applicable in maritime cases." *Dunaway v. United States*, CIV A-98-2035, 2000 WL 64291, at *3 (E.D. La. Jan. 26, 2000) (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 69 (1955)). Section 323 of the Second Restatement of Torts, which pertains to the negligent performance of undertaking to render services, provides that:

> One who undertakes gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

*Disler v. Royal Caribbean Cruise, Ltd.*, No. 17-23874-CIV-Moreno, 2018 WL 1916614, *4 (S.D. Fla. April 23, 2018) (quoting Restatement (Second) of Torts § 323); *Rojas v. Carnival Corp.*, No. 13-21897-CIV-Lenard, 2015 WL 7736475, *6 (S.D. Fla. Nov. 30, 2015).

4

Plaintiff pled that Defendant voluntarily assumed a duty to use reasonable care when it elected to provide Plaintiff with medical services. Plaintiff alleges that Defendant breached its duties because the physicians and other crew members responsible for treating Plaintiff lacked adequate experience in treating Plaintiff's injuries and failed to properly diagnose Plaintiff. They also failed to provide medical treatment in a reasonable amount of time. As a result, Plaintiff alleges he suffered additional injuries.

Carnival contends there is no assumption of duty claim when a cruise line undertakes to provide medical services because a cruise ship is not required to provide medical services. Many pre-*Franza* cases held that a ship has no duty to secure medical treatment for its passengers. *See e.g.*, *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-CIV, 2013 WL 1296298, at *3 (S.D. Fla. Mar. 27, 2013) (stating that a ship is not a floating hospital and a cruise line has not duty to provide doctors or medical care). The Eleventh Circuit's decision in *Franza*, however, calls into question the rationale of earlier decisions stemming from the rule announced in *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1367 (5th Cir. 1988), which provided "broad immunity for cruise lines." In *Franza*, the Eleventh Circuit specifically "declined to adopt the *Barbetta* rule because of, among other reasons, 'the evolution of legal norms, the rise of a complex cruise industry, and the progression of modern technology.'" *Gharfeh v. Carnival Corp.*, No. 17-20499-CIV, 2018 WL 1697025, at *9 (S.D. Fla. Apr. 6, 2018) (quoting *Franza*, 772 F.3d at 1228)).

Although *Franza* bears on the distinct issue of whether a cruise line can be held vicariously liable for the malpractice of its medical personnel, "it also contains a comprehensive overview of maritime negligence law and its development, and it analyzes myriad public policy concerns that militate in favor of adopting a more contemporary approach to cruise ship

5

litigation." *Gharfeh*, 2018 WL 1697025, at *9. It noted that "a passenger who falls ill aboard a cruise ship has precious little choice but to submit to onboard care" and "may have literally nowhere else to go." *Franza*, 772 F.3d at 1242.

*Franza*, *Gharfeh*, and this Court's holding in *Disler* denying a motion to dismiss an assumption of duty claim, dictate that this Court allow this claim to survive the motion to dismiss. The Court may revisit this issue at summary judgment to determine the viability of this claim, but, at this juncture, Plaintiff has properly pled it.

*Count 5: Breach of the Non-Delegable Duty to Provide Medical Care*

Count 5 is a claim that Carnival breached a *non-delegable* duty to provide reasonable medical care. Plaintiff relies on *Franza* to support this claim, quoting language that says "[c]arriers owe their ailing passengers 'a duty to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.'" This assertion, however, is taking *Franza*'s dicta too far. *Franza* allows shipowners to be vicariously liable when a passenger receives negligent medical care by its agents aboard its ship. *Franza*, 772 F.3d at 1235. This Court has also allowed Plaintiff to proceed on its assumption of duty claim, stating that when a ship undertakes to provide medical care to its passengers, it must do so with reasonable care. While this Court recognizes that *Franza* changes the prior legal landscape, there is no language to support the creation of a non-delegable duty. Plaintiff has not cited any statutory authority or case law to support this assertion. Accordingly, the Court grants the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this _10th_ of July 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

6

Copies furnished to:

Counsel of Record