UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-20629-FAM

RODGER SEXTON,

     Plaintiff,

v.

CARNIVAL CORPORATION
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

     Defendant.

_____/

## AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

     Plaintiff, RODGER SEXTON ("Plaintiff"), through undersigned counsel, and pursuant to the Court's Order granting him leave to file his Amended Complaint [D.E. 14]. sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

     1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

     2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

     3.    This Court also has diversity jurisdiction pursuant to 28 U.S.C.§ 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

CASE NO. 1:18-cv-20629-FAM

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of Byron, Georgia.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## **FACTUAL ALLEGATIONS**

10. The incident occurred on or about October 14, 2017 while Plaintiff was a lawfully paying passenger aboard Defendant's cruise ship vessel, the Carnival *Vista*.

11. While on board the *Vista,* Mr. Sexton began feeling unwell with the onset of stroke symptoms.

12.    Ultimately, the Plaintiff suffered a stroke while aboard the Carnival *Vista* which was misdiagnosed by the Ship's Physician as a bacterial infection. As a result of the misdiagnosis, the Plaintiff suffered injuries that included, but are not limited to, loss of memory and vision, as well as permanent impairment.

13.    Vicky Houston, the ship nurse (hereinafter "Houston"), and Claudia Gonazlez Chagin the ship doctor (hereinafter "Chagin"), are believed to be non0residents of the State of Florida, who provided in the whole or in part medical care to the Plaintiff aboard the vessel Carnival *Vista*.

14.    At all times material hereto, "Chagin," the ship's doctor, was an employee of the Defendant, "Carnival", and at all times acted within the course and scope of her employment.

15.    At all times material hereto, "Houston", the ship's nurse, was an employee of Defendant, "Carnival", and at all times acted within the scope and course of her employment.

## COUNT I
## <u>NEGLIGENCE</u>

16.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 15 as if set forth herein.

17.    The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

18.    Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

19.    At all times material, the ship's medical staff (including its physicians and nurses) and the ship's crew were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

20.    Defendant directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

21.    Defendant directly provided and operated the medical center to be used by the ship's medical personnel as well as all of the medical machinery, equipment, drugs and supplies to be used therein, regularly stocking and restocking same.

22.    Defendant collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

23.    The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's physicians) were members of the ship's officer's compliment, and at all times they were subject to termination or other discipline by Defendant.

24.    Defendant provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

25.    Defendant breached its duties and was negligent by failing to adequately examine, diagnose, and/ or treat Plaintiff's injuries.

26.    Furthermore, the physicians and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

27.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

28.    Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.

29.    As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money.

30.    The losses are either permanent or continuing in nature.

31.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RODGER SEXTON, demands Judgment against Defendant, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff  will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT II
VICARIOUS LIABILITY
FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

32.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 15 as if set forth herein.

33.    At all times material hereto, "Chagin" and "Houston" were agents and/or servants and/or employees of Defendant, "Carnival." And at all times, subject to control and/or the right to

control by "Carnival."

34.   At all times material hereto, "Chagin" and "Houston" were acting within the scope of their employment and/or agency.

35.   Defendant, "Carnival," is estopped to deny that "Chagin" and "Houston" were its agents and/or employees and/or servants.

36.   At all times material hereto, "Chagin" and "Houston' owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

37.   On or about October 14, 2017, "Chagin" and "Houston" breached this duty to provide reasonable care under the circumstances by:

    a.    Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

    b.    Failing to timely diagnose Plaintiffs medical condition; and/or

    c.    Misdiagnosing plaintiff's medical condition;

    d.    Failing to provide Plaintiff with adequate medicine for the conditions Plaintiff needed at the time; and/or

    e.    Providing the Plaintiff with medicine that was unreasonable for his medical condition.

38.   On or about October 14, 2017, Defendant, "Carnival," had a duty to provide the Plaintiff with reasonable care under the circumstances and through the acts of its agents and/or employees and/or servants. "Chagin" and "Houston" breached this duty to provide Plaintiff with reasonable care under the circumstances.

39.   It was the duty of "Chagin" and "Houston," as agents and/or employees and/or servants of Defendant "Carnival," to provide Plaintiff with reasonable care under the

circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship doctors and/or medical personnel.

40.    Under the doctrine of Respondeat Superior, employers are vicariously liable for the negligent acts or omissions by their employees within the course of employment.

41.    "Carnival" is therefore vicariously liable for all injuries and damages sustained by, "Sexton," as a result of the negligence of "Chagin" and "Houston."

42.    As a result of "Chagin" and "Houston's" negligence, for which Defendant, "Carnival," is vicariously liable , the Plaintiff was injured in and about his body and extremities; was caused great physical pain and mental suffering; has suffered physical and mental losses and  impairments which  are, within a reasonable degree of medical probability, permanent and/or continuing in nature , and will suffer said loses and impairments in the future; has been caused to expend money for the treatment of his injuries and will, in the future, be caused to expend further monies for treatment of his injuries.

**WHEREFORE**, Plaintiff, RODGER SEXTON, demands Judgment against  Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

CASE NO. 1:18-cv-20629-FAM

## COUNT III
## APPARENT AGENCY AGAINST DEFENDANT
## <u>FOR THE ACTS OF THE SHIP'S MEDICAL STAFF</u>

43.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 15 as if set forth herein.

44.    At all times material hereto, the ship's medical staff were represented to the Plaintiff and the ship's passengers as an employee and/or agent and/or servant of Defendant, in that:

    a.    The medical staff wore a ship's uniform; and/or

    b.    The medical staff ate with the ship's crew; and/or

    c.    The medical staff was under the commands of the ship's officers; and/or

    d.    The medical staff worked in the ship's medical department; and/or

    e.    The medical staff was paid a salary by Defendant; and/or

    f.    The medical staff worked aboard the vessel; and/or

    g.    The medical staff spoke to the Plaintiff as though they had authority to do so by Defendant.

45.    At no time did Defendant represent to the Plaintiff in particular or the ship's passengers in a general and meaningful way that the vessel's medical staff was not an agent or employee of Defendant.

46.    At all material times, Plaintiff reasonably relied on the representations to his detriment that the medical staff were employees, and/or agents, and/or servants of Defendant.

47.    It was reasonable to believe that the medical staff were Defendant's agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by Defendant.

48.    This reasonable reliance was detrimental because it significantly delayed Plaintiff

from receiving proper medical treatment.

49. Defendant is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

50. Defendant had a duty to provide Mr. Sexton with reasonable care under the circumstances and through the acts of its apparent agent breached its duty to provide him with reasonable care under the circumstances.

51. Mr. Sexton's injuries were accelerated due to the fault and/or negligence of Defendant through the acts of its apparent agents as follows:

    a.     Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

    b.     Failing to timely and properly diagnose Plaintiff's medical condition.

    c.     Failing to attend to the Plaintiff and his injuries after his stroke;

    d.     Failing to escort the Plaintiff to receive reasonable medical care;

    e.     Failing to provide reasonable medical care;

    f.     Failing to properly treat, and care for the Plaintiff;

    g.     Failing to reasonably diagnose the Plaintiff's injuries; and/or

    h.     Failing to properly examine the Plaintiff's injuries.

**WHEREFORE**, Plaintiff, RODGER SEXTON, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of ability to earn money, loss of important bodily

functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment

interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT IV**
**ASSUMPTION OF DUTY –**
**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

52.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through

15 as if set forth herein.

53.     The Defendant owed Plaintiff the duty to exercise reasonable care under the

circumstances for the safety of its passengers.

54.     Such duties include, but are not limited to, providing such medical care and assistance

as would an ordinarily prudent person under the circumstances.

55.     Defendant elected to discharge this duty by having Plaintiff seen by its own ship's

physicians and/or other crew members.

56.     As such, Defendant voluntarily assumed a duty for the benefit of Plaintiff to use

reasonable care in the provision of medical services to the Plaintiff.

57.     Defendant breached its duties, and was negligent by failing to adequately examine,

diagnose, and/or treat Plaintiff's injuries.

58.     Furthermore, Defendant breached its duties, and was negligent because the physicians

and/or other crew members that were responsible for treating Plaintiff lacked adequate experience

in treating injuries such as the one Plaintiff suffered.

59.     Defendant also breached its duties and was negligent by failing to adequately supply

its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

60.     Defendant breached its duties and was negligent by failing to take proper measures

to ensure that Plaintiff was able to obtain the medical treatment he needed in a reasonable amount

of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

61.    Additionally, at all times material hereto, Defendant was careless, negligent, and breached its duties as follows:

a.    Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

b.    Failing to timely and properly diagnose Plaintiff's medical condition.

c.    Failing to attend to the Plaintiff and his injuries after his stroke;

d.    Failing to escort the Plaintiff to receive reasonable medical care;

e.    Failing to provide reasonable medical care;

f.    Failing to properly treat, and care for the Plaintiff;

g.    Failing to reasonably diagnose the Plaintiff's injuries; and/or

h.    Failing to properly examine the Plaintiff's injuries.

62.    At all times material hereto, the aforementioned acts or omissions on the part of the Defendant fell below the standard of care.

63.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would have been prevented or substantially lessened.

64.    Defendant, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

65.    As a direct, proximate, and foreseeable result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, and loss of ability to earn money.

66.   The losses are either permanent or continuing in nature.

67.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RODGER SEXTON, demands Judgment against  Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages in the past, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, RODGER SEXTON, demands trial by jury on all issues so triable.

**Dated:** July 23, 2018.

Respectfully submitted,

BY: /s/*Raul G. Delgado, II, Esq.*
Spencer M. Aronfeld, Esq. (FBN. 905161)
aronfeld@aronfeld.com
Raul G. Delgado, II, Esq. (FBN. 094004)
rdelgado@aronfeld.com
ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198

CASE NO. 1:18-cv-20629-FAM

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 23rd day of July, 2018. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s/*Raul G. Delgado II*
Raul G. Delgado, II, Esq.

GOLDBERG SEGALLA, LLP
Michael J. Drahos, Esquire
Florida Bar No. 0617059
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 618-4450
Fax: (561) 618-4549
Email designations:
mdrahos@goldbergsegalla.com
lparker@goldbergsegalla.com

Valentina M. Tejera, Esq.
3655 N.W. 87th Avenue
Miami, FL 33178
Telephone: (305)406-7556
Facsimile: (305)406-4732
vtejera@camival.com